UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
LUIS SANCHEZ, on behalf of himself    :    Civil Action No. 17-_____
and others similarly situated,             :
                                       :
              Plaintiff,      :
  - against -                    :    **FLSA COLLECTIVE ACTION and**
                                       :    **RULE 23 CLASS ACTION**
VIDA CAFÉ INC. d/b/a MAMAJUANA    :    **COMPLAINT**
CAFÉ; and VIDA GROUP, INC.          :
                                         :
             Defendants      :    **Jury Trial Demanded**
------------------------------------------------- x

        Plaintiff LUIS SANCHEZ (the "Plaintiff"), on behalf of himself and others similarly

situated employees, as class representative, by and through his attorney, Mohammed Gangat,

Esq., files this Complaint against Defendants VIDA CAFÉ INC. d/b/a MAMAJUANA CAFÉ;

and VIDA GROUP, INC., and alleges upon personal knowledge as to himself and upon

information and belief as to other matters, as follows:

### NATURE OF THE ACTION

        1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29

U.S.C. §§ 201, et seq. ("FLSA"), he and a proposed class of others similarly situated are entitled

to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2)

liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4)

attorneys' fees and costs.

        2.      Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he

and a proposed class of others similarly situated are entitled to recover from the Defendants: (1)

unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for

each day they worked in excess of ten (10) hours; (3) damages for Defendants' failure to

reimburse employees for the cost of purchasing and maintaining required work uniforms; (4)

liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and attorneys' fees and costs

3.      In addition to seeking recovery for the Plaintiff, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for similarly situated servers, cooks, kitchen assistants, counterpersons, delivery persons and other workers employed at defendants' dining establishments which operate under the trade name and brand "Mamajuana Café".

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendants resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6.      Plaintiff is a resident of Bronx, New York.

7.      Defendant Vida Café, Inc. d/b/a Mamajuana Café is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 247 Dyckman Street, New York, NY 10034.

8.      Defendant Vida Group Inc. is a domestic corporation of unknown statehood that does business in New York at various locations, including 247 Dyckman Street, New York, NY

10034.

9.      Defendants run a chain of dining establishments located at: 247 Dyckman Street, New York NY 10034; 33-15 56th Street, Woodside, NY 11377; 875 Route 3 East, Secaucus, NJ 07094; and 177 3rd Avenue, Patterson, NJ 07514.

10.     Upon information and belief, all of Defendants' locations share common management and are centrally controlled and/ow owned by Defendants.

11.     Upon information and belief, Defendants have had control over and the power to change compensation practices for all employees at all of their locations.

12.     Upon information and belief, Defendant shave had the power to determine employee policies for employees at all of their locations, including, but not limited to, time-keeping, payroll policies, and policies governing the allocation of tips and/or gratuities.

13.     Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendants are and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA in that Defendants (i) have and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

14.     Defendants continuously employed plaintiff Luis Sanchez at their location in Bronx County, New York to work as a non-exempt employee.

15.     The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

16.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor

Law's minimum wage requirements.

17.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

19.    Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

20.    In or about April, Defendants hired Plaintiff to work as a non-exempt employee at one of their dining establishments.

21.    Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

22.    Defendants employed Plaintiff as a busser and barback from April 2017 until January 2018.

23.    Defendants did not pay Plaintiff the proper minimum wage, overtime wage, and spread-of-hours pay for all of the time that the was suffered or permitted to work each workweek.

24.    Defendants constantly suffered or permitted Plaintiff to work over 40 hours per workweek.  In that regards, Defendants worked as many as 50+ hours per week as a busser and barback.

25.    Plaintiff often worked in excess of ten hours per day but was never provided additional compensation for it.

26.    Plaintiff was never given a break during the workday.

27.    During the entire employment period, Plaintiff worked as a busboy and barback

and was paid $40 per shift and $80 per double shift, regardless of the actual hours he worked each shift.

28.     At no point did Defendants inform Plaintiff of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

29.     During the entire employment period, Defendants did not allow Plaintiff to retain all the tips and/or gratuities he earned.

30.     Upon information and belief, Defendants misappropriated a fixed percentage from the tips Plaintiff earned each shift.

31.     During the entire employment period, Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Plaintiff earned.

32.     During the entire employment period, Defendants imposed upon Plaintiff a tip redistribution scheme to which he never agreed.

33.     Upon information and belief, Defendants did not keep accurate records of wages or tips earned or hours worked by Plaintiff.

34.     Defendants inaccurately reported the number of hours Plaintiff worked each week.

35.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

36.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day

that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

37.     Defendants did not furnish Plaintiffs with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

38.     Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

39.     Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff brings this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> all other current and former non-exempt employees who have been or were employed by Defendants at one of their Mamajuana Café locations as tipped, hourly food services workers between February 1, 2015 and the date of final judgment in this matter.

41.     Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (100) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits

because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

42.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and  class action  litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

43.     This action should be certified as a  collective  action  because  the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect  to  individual  members  of  the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication,  or substantially  impair  or impede their ability  to protect their interests.

44.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

45.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.  Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.  Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

e.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

f.  Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages for all hours worked;

g.  Whether the Defendants failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek;

h.  Whether the Defendants operated an illegal tip redistribution scheme.

46.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

47.    Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

48.    Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

49.     In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> 50. all other current and former non-exempt employees who have been or were employed by Defendants at one of their Mamajuana Café locations in New York as tipped, hourly food services workers between February 1, 2012 and the date of final judgment in this matter.

51.     Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

52.     The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

53.     The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

54.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

55.     Plaintiff will fairly and adequately protect the interests of the Proposed Class.

Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the

Class Members to represent their interests fairly and adequately, and that he must consider their

interests just as he would represent and consider her own interests, and that he may not favor her

own interests over theirs.

56.     Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including

any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff

understands that in order to provide adequate representation, he must remain informed of

litigation developments and he understands that he may be called upon to testify in depositions

and at trial.

57.     Plaintiff has the same interests in this matter as all other members of the Proposed

Class and Plaintiff's claims are typical of the Proposed Class.

58.     There are questions of law and fact common to the Proposed Class which

predominate over any questions solely affecting the individual members of the Proposed Class,

including but not limited to:

    a.  Whether the Defendants employed Plaintiff and the Class members within the
        meaning of the New York Labor Law;

    b.  Whether the Defendants failed to keep true and accurate time and pay records for
        all hours worked by Plaintiffs and the Class members;

    c.  What proof of hours worked is sufficient where the employer fails in its duty to
        maintain time records;

    d.   Whether the Defendants failed to pay the Plaintiff and the Class members the
        applicable minimum wage for all straight time hours worked and the required
        overtime compensation for all hours worked  in  excess  of forty (40) hours per

workweek, in violation of the New York Labor Law and the regulations
promulgated thereunder;

e.  Whether the Defendants failed to pay the Plaintiff and the Class members "spread
of hours" premium for each day they worked a shift in excess of ten (10) hours,
in violation of the New York Labor Law and the regulations promulgated
thereunder;

f.  Whether the Defendants' violations of the New York Labor Law are willful as that
term is used within the context of the New York Labor Law; and,

g.  Whether the Defendants are liable for all damages claimed hereunder, including
but not limited to compensatory, liquidated and statutory damages, interest, costs,
attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Minimum Wage and Overtime
*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

59.     Plaintiff re-alleges and re-avers each and every allegation and statement contained
in paragraphs "l" through "58" of this Complaint as if fully set forth herein.

60.     Plaintiff has consented in writing to be a party to this action, pursuant to 29
U.S.C. § 216(b).

61.     At all relevant times, upon information and belief, Defendants were and continue
to be an employer engaged in interstate commerce and/or the production of goods for commerce
within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the
Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29
U.S.C. §§ 206(a) and 207(a).

62.     At all relevant times, Defendants employed Plaintiff and the Proposed FLSA

Collective members within the meaning of the FLSA.

63.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

64.    Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

65.    Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

66.    Defendants failed to pay Plaintiff and the Proposed FLSA Collective members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

67.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

68.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

69.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure

Plaintiff and the Proposed FLSA Collective members.

70.     As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Proposed FLSA Collective members,

71.      Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the  FLSA, 29 U.S.A. §§ 201, et seq., including  29 U.S.C.  §§  21 l(c) and 215(a).

72.     Defendants failed to properly disclose or apprise Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

73.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

74.     Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

75.     Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II:  NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
### *Brough on behalf of Plaintiff and the Proposed Rule 23 Class*

76.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "75" of this Complaint as if fully set forth herein.

77.     Defendants employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

78.    Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

79.    Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

80.    Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiffs and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

81.    Defendants failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

82.    Defendants failed to furnish Plaintiff and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and  New  York  State  Department  of Labor Regulations  § 146-2.3.

83.    Defendants failed to keep true and accurate records  of  hours  worked  by each employee covered by  an  hourly  minimum  wage  rate,  the  wages  paid  to  all  employees, and other similar information in  contravention  of  New  York  Labor  Law  § 661.

84.    Defendants failed to establish, maintain, and preserve for not less than six (6)

years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

85.    At the time of their hiring, Defendants failed to notify Plaintiff and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

86.    Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

87.    Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements
### *Brough on behalf of Plaintiff and the Proposed Rule 23 Class*

88.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "87" of this Complaint as if fully set forth herein.

89.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1 ), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or

rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

90.     Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

91.     Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

92.     Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

93.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices,

or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and

declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

94.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and

the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars

for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23

Class with accurate wage statements, or a total of five thousand dollars each, reasonable

attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §

198(1-d).


## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, LUIS SANCHEZ, on  behalf  of himself and all similarly situated

Collective Action Members and Class  members, respectfully  request  that this Court  grant the

following relief:

    i.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective

action, or that the Court issue such notice, to all persons who are presently, or have at

any time during the six years immediately preceding the filing of this suit, up through

and including the date of this Court's issuance of court-supervised notice, been

employed by Defendants as tipped hourly food services works at one of their

Mamajuana Café locations, and of their right to join this lawsuit if they belief they

were denied proper wages;

    ii.    An award for unpaid minimum wage and unpaid overtime compensation due under

the FLSA and New York Labor Law;

    iii.    An award of unpaid "spread of hours" premium due under the New York Labor Law;

iv.    An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

v.    An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

vi.    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vii.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

viii.    Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

ix.    An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL

x.    An award of prejudgment and post-judgment interest;

xi.    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xii.    Such other and further relief as this Court determines to be just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      February 2, 2018            **LAW OFFICE OF MOHAMMED GANGAT**

By:   _____

Mohammed Gangat, Esq.
675 3rd Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff Luis Sanchez and the FLSA*
*Proposed Collective and Rule 23 Proposed Class*